NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO MADRID, | No.   21-17032 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-01456-DAD-JLT |
| v. | |
| H. ANGLEA, Warden at Sierra Conservation Center, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 20, 2023 [**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

California state prisoner Alejandro Madrid appeals pro se from the district

court's grant of summary judgment to Defendant-Appellee H. Anglea. Madrid's 42

U.S.C. § 1983 claim challenges Anglea's denial of Madrid's visitation request. We

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we review the summary judgment decision de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court correctly granted summary judgment to Anglea because Madrid did not exhaust his administrative remedies before filing this § 1983 action. The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust administrative remedies before filing a § 1983 action in federal court. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Where, as here, a defendant moves for summary judgment on exhaustion grounds, they bear the burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in [their] particular case that made the existing and generally available administrative remedies effectively unavailable to [them]." *Id.* A prisoner can meet this burden by showing that prison officials have engaged in an improper screening of administrative grievances such that "administrative remedies [are] effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (quotation mark omitted). A prisoner need not exhaust

2

when administrative remedies are unavailable. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

California law establishes the relevant administrative remedies. *See* Cal. Code Regs. tit. 15, §§ 3084–3084.9 (2018); *see also Jackson v. Fong*, 870 F.3d 928, 931–32 (9th Cir. 2017) (describing administrative remedies).[1] Pursuant to California law, within 30 days of having knowledge of the decision being challenged, an inmate may file a first-level appeal. Cal. Code Regs. tit. 15, § 3084.8(b)(2). If an inmate is dissatisfied with the first-level disposition, they may appeal that decision to a second level of review. *Id.* § 3084.7(b). Once a second-level appeal is decided on the merits, an inmate may file a third-level appeal. *Id.* §§ 3084.7(b), (c). A claim is exhausted at the third level of appeal. *Id.* § 3084.1(b).

At any of these three levels, California officials may "cancel" or "reject" an appeal for failure to comply with deadlines, procedures, or instructions on how to correct a deficient appeal. *Id.* §§ 3084.6(b), (c). A cancelled or rejected appeal is not a decision on the merits, and a cancelled or rejected claim is not exhausted. *Id.* § 3084.1(b).

Here, Madrid's wife was denied permission to visit him on October 8, 2018, and notified that same day of the denial. Madrid states that he received a similar

---

[1] We reference the 2018 regulations in effect at the time of Madrid's administrative proceedings.

notice on November 5, 2018, and submitted a first-level appeal of that decision on November 30, 2018. On December 10, 2018, the prison appeal office received and cancelled Madrid's first-level appeal as untimely. Madrid filed a second-level appeal challenging the cancellation on December 19, 2018, which was rejected for certain filing deficiencies. The prison appeals office provided Madrid with notice of how to amend these deficiencies, but he replicated some of the same deficiencies when he filed another second-level appeal on December 26, 2018. The prison appeals office denied Madrid's December 26 second-level appeal that same day. After receiving the second rejection of his second-level appeal, Madrid filed a third-level appeal, even though he had not received a decision on the merits at the second level. The third-level appeal was rejected for attempting to bypass second-level review.

On these facts, we find that Anglea has met his burden to show an available administrative remedy, and that Madrid did not exhaust that remedy. Meanwhile, Madrid has not met his burden to show that something in this particular case made administrative remedies unavailable to him. Madrid contends that the prison appeals office erred by cancelling his initial appeal as untimely. But Madrid could have appealed that decision through the administrative process by filing a proper second-level appeal. Cal. Code Regs. tit. 15, § 3084.6(e). And "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'"

4

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). Despite repeated notices from prison officials about how to properly file his second-level appeal, Madrid failed to do so. Instead, he proceeded to file a third-level appeal, and later a complaint in district court. Without more, Madrid has failed to meet his burden to show a lack of available remedies that could excuse his failure to exhaust.[2]

**AFFIRMED**.

---

[2] Madrid's motion, Dkt. 6, is denied as moot.